UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KATRINA LITTLE, INDIVIDUALLY, AND
ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF
MENTHY CUNNINGHAM**                                      **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO.** 1:13CV126-A-A

**AURORA AUSTRALIS, LLC**                                                 **DEFENDANTS**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Aurora Australis, LLC d/b/a Aurora Health & Rehabilitation ("Aurora") files this Notice of Removal of the civil action styled *Katrina Little, Individually, and on Behalf of the Wrongful Death Beneficiaries of Menthy Cunningham v. Aurora Australis, LLC;* Civil Action No. 2013-0076-CV1K, from the Circuit Court of Lowndes County, Mississippi, to the United States District Court for the Northern District of Mississippi, Aberdeen Division. In support of this Notice, Aurora states the following:

1. Plaintiff filed this action on or about June 11, 2013. The lawsuit arises out of the care and treatment provided to Menthy Cunningham while a nursing home resident at Aurora in Columbus, Mississippi. According to the Complaint, Ms. Cunningham suffered injuries and ultimately died as a result of Aurora's negligence.

2. In the Complaint, Plaintiff asserts claims of negligence and gross negligence and breach of contract against Aurora.

3. Aurora was served with a copy of the Complaint and Summons on June 13, 2013. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper in the United States District Court for the Northern District of Mississippi, Aberdeen Division, because that is the district in which the state court action was filed. *See* 28 U.S.C. §§ 1446(a), 104(a).

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Aurora are attached as composite Exhibit "A." A certified copy of the entire state court record is attached as Exhibit "B."

6. The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and (2) there is diversity of citizenship between Plaintiff and Aurora.

7. It is apparent that the amount in controversy requirement is met because in the Complaint, Plaintiff states that she seeks to recover damages for medical bills for treatment rendered to Menthy Cunningham; physical and mental pain, suffering and anguish; total loss of enjoyment of life; funeral bills and final expenses; loss of love, society, and companionship; and all other damages recoverable under Mississippi's Wrongful Death Statute, Mississippi Code Annotated § 11-7-13. *See* Complaint at ¶ 15, p. 4-5. In addition, her Complaint requests "punitive damages, reasonable attorney's fees, costs of litigation, and pre and post judgment interest as allowed by law." *Id*. at p. 5. And, as this Court has previously explained, "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." *Brasell v. Unumprovident Corp.*, No. 2:01-cv202, 2002 WL 1530342 at * 2 (N.D. Miss. Oct. 25, 2001) (citing, *inter alia*, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 150, 1253 (5th Cir. 1998)).

8. Diversity of citizenship exists because Plaintiff is alleged to be a citizen of Mississippi, *see* Complaint at ¶ 1, and Aurora is not a citizen of Mississippi. As set forth in detail below, Aurora Australis, LLC, is a Tennessee limited liability company whose sole member,

Vanguard Healthcare, LLC, is a citizen of the state of Tennessee. No members of Vanguard Healthcare, LLC, reside in or are citizens of the state of Mississippi. Aurora is, therefore, not a citizen of Mississippi. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC is that of all its members).

9. Again, Aurora's sole member is Vanguard Healthcare, LLC, a Tennessee citizen. Vanguard Healthcare, LLC's members are William D. Orand, Sr., the Orand Limited Partnership, and the Ervin General Partnership.

10. William D. Orand, Sr. is a citizen of Tennessee.

11. The Orand Limited Partnership is a Tennessee limited partnership. Its partners are William D. Orand, Sr.; Pam Orand; William D. Orand, Jr.; and Bradford Orand. William D. Orand, Sr.; Pam Orand; and Bradford Orand are all citizens of Tennessee. William D. Orand, Jr. is a citizen of Texas. Thus, the Orand Limited Partnership is a citizen of Tennessee and of Texas. *Int'l Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997) ("For the purposes of diversity jurisdiction, the citizenship of a partnership is determined by reference to the citizenship of each of its partners.").

12. The Ervin General Partnership is a Tennessee limited partnership. Its partners are Linda M. Ervin; the Jere Suzanne Smothers Irrevocable Trust; the William J. Ervin Irrevocable Trust; the Jere Murphy Smothers 2008 Irrevocable Trust; and the Thomas Mann Smothers 2008 Irrevocable Trust. Linda M. Ervin is a citizen of Tennessee. Because J. Larry Williams is the trustee for each and every one of the aforementioned trusts, and further because he is a citizen of Tennessee, the trusts are also Tennessee citizens. *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397 n. 6 (5th Cir. 2009), citing *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (holding that the citizenship of a trust is that of its trustee). Thus, because all of its members are Tennessee citizens, the Ervin General Partnership is a Tennessee citizen. *See Int'l Paper Co.*, 116 F.3d at 137.

13. For the reasons stated above, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446.

14. In accordance with 28 U.S.C. § 1446(d), the Lowndes County Circuit Court and Plaintiff's counsel have been given written notice of the filing of this Notice of Removal. *See* Exhibit "C."

**WHEREFORE,** Aurora respectfully requests that the above-captioned action now pending in Lowndes County Circuit Court be removed to the United States District Court for the Northern District of Mississippi, Aberdeen Division, and that the District Court assume jurisdiction over this lawsuit.

This, the 11th day of July, 2013.

    Respectfully Submitted,

    AURORA AUSTRALIS, LLC d/b/a AURORA HEALTH & REHABILITATION

    By its Attorneys,

    BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

    By: */s/ Ceejaye S. Peters*
       CEEJAYE S. PETERS

OF COUNSEL:

W. Davis Frye (MB# 10671)
Ceejaye S. Peters (MB# 101962)
BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
Jackson, MS 39211
Phone: (601) 351-2400
Fax: (601) 351-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing *Notice of Removal* with the Clerk of the Court using the ECF system which will send notification of the filing to all counsel as listed below and have served a true and correct copy by United States Mail, postage prepaid:

Chynee A. Bailey (MB # 99513)
BAILEY LAW, PLLC
126 West Main Street, Suite B
P.O. Box 1116
Raymond, MS 39154

This, the 11th day of July, 2013.

                                                */s/ Ceejaye S. Peters*
                                                CEEJAYE S. PETERS