

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

KATRINA LITTLE, INDIVIDUALLY, AND ON
BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF MENTHY CUNNINGHAM                                    **PLAINTIFF**

VS.                                    CIVIL ACTION NO. 2013-0076-CUI K

AURORA AUSTRALIS, LLC                                                **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW Plaintiff Katrina Little, individually, and on behalf of the wrongful death beneficiaries of Menthy Cunningham, by and through undersigned counsel, and asserts the following claims for relief against Aurora Australis, LLC, and would show unto the Court the following facts and matters:

### Parties

1.

Plaintiff Katrina Little is an adult resident citizen of Lowndes County, Mississippi, residing at 155 Swedenburg Circle, Columbus, Mississippi 39702.

2.

Defendant Aurora Australis, LLC (hereinafter "Aurora") is a Tennessee corporation with its principal place of business located at 310 Emerald Drive, Columbus, Mississippi 39702. Aurora may be served with process of this Court by causing a copy of the Summons and Complaint to be delivered to its registered agent for service of process, National Registered Agents, Inc., 645 Lakeland East Dr., Ste. 101, Flowood, Mississippi 39232.

## Jurisdiction and Venue

3.

This Court has jurisdiction over the subject matter of this action in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, the statutory jurisdictional prerequisites set forth in *Miss. Code Ann.* §§ 11-1-58 and 15-1-36(15) (1972, as amended) have been satisfied. The certification required by *Miss. Code Ann.* § 11-1-58 (1972, as amended) is attached to this Complaint as Exhibit 1.

4.

Venue is proper in this Court in that both parties are residents of Lowndes County, the acts or omissions giving rise to liability occurred in Lowndes County, and the injury occurred in Lowndes County.

## Facts

5.

At all times pertinent hereto, Defendant held itself out to the public as a professional, competent and sufficiently knowledgeable provider of medical, comfort and/or daily living assistance services to the aged or infirm, to include resident nursing home services for individuals who are incapable or significantly limited in their abilities of self-care.

6.

In reliance upon the express and implied representations of Defendant, the family of Menthy Cunningham engaged the services offered by Aurora to provide and/or obtain necessary and appropriate care and assistance for Menthy Cunningham. On or about May 10, 2012, Menthy Cunningham became a resident of Aurora. At the time of her

admission to Aurora, she had no open areas or pressure sores on her body.

7.

On June 3, 2012, Ms. Cunningham was admitted to Baptist Memorial Hospital-Golden Triangle with a multitude of problems, including a stage IV sacral decubitus ulcer. Ms. Cunningham expired on June 7, 2012. Her death certificate indicates that her causes of death were respiratory failure and severe sepsis.

## CAUSES OF ACTION

### Negligence and Gross Negligence

8.

Plaintiff realleges and adopts Paragraphs 1 through 7 above as if fully set forth in full hereinafter.

9.

The negligence of Defendant includes, but is not necessarily limited to, the following:

A. Negligently failing to provide nursing care and personal services for Menthy Cunningham as required for her health and safety;

B. Negligently failing to prevent the formation of a decubitus ulcer by properly positioning Menthy Cunningham and maintaining proper hydration and nutrition; and

C. Negligently failing to properly care for Menthy Cunningham after the decubitus ulcer formed by allowing it to become severely infected.

10.

As a direct and proximate result of the Defendant's breaches of the requisite duties of care, negligent, wanton and/or intentional acts or omissions, Menthy Cunningham

developed a Stage IV decubitus ulcer which lead to her untimely death.

### Breach of Contract

11.

Plaintiff realleges and adopts Paragraphs 1 through 10 above as if fully set forth in full hereinafter.

12.

Defendant Aurora was obligated to provide Menthy Cunningham with general nursing care and personal services according to the terms of the Admission Agreement ("the Agreement") executed on or about May 10, 2012. A copy of the Agreement is attached hereto as Exhibit 2.

13.

Defendant Aurora breached its contractual obligations to provide nursing care and personal services by failing to prevent the formation of a decubitus ulcer which eventually progressed to Stage IV and lead to Menthy Cunningham's untimely death.

14.

Defendant Aurora's failure to honor its contractual obligations amounts to a breach of contract, and as a result of said breach, Plaintiff has suffered damages which are both contractual and extra-contractual in nature and for which she is entitled to a recovery against Defendant Aurora.

### Damages

15.

Plaintiff alleges that as a direct, sole and proximate result of the Defendant's negligence, Menthy Cunningham was caused to suffer the following injuries and damages:

a. Medical bills for any treatment rendered to Menthy Cunningham;

b. Physical and mental pain, suffering and anguish of Menthy Cunningham;

c. The total loss of enjoyment of life of Menthy Cunningham;

d. Funeral bills and final expenses of Menthy Cunningham;

e. The loss of love, society, and companionship to the heirs of Menthy Cunningham and vice versa; and

f. All other damages recoverable under the Mississippi Wrongful Death Statute Miss. Code Ann. § 11-7-13 (1972).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment of and from the Defendant in an amount in excess of the minimum jurisdictional limits of this Court with such amount to be determined at the trial of this cause together with punitive damages, reasonable attorney's fees, costs of litigation, and pre and post judgment interest as allowed by law, all costs of Court, and such other relief as Plaintiff may be entitled.

Respectfully submitted,

KATRINA LITTLE, INDIVIDUALLY, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF MENTHY CUNNINGHAM

BY: _____
CHYNEE A. BAILEY
MS. BAR NO. 99513

ATTORNEY FOR PLAINTIFF

5

OF COUNSEL:

BAILEY LAW, PLLC
126 West Main Street, Suite B
Post Office Box 1116
Raymond, Mississippi 39154
601.857.8100 (Telephone)
601.857.8010 (Facsimile)

## ATTORNEY'S CERTIFICATE OF CONSULTATION

I, Chynee A. Bailey, attorney for Plaintiff Katrina Little, on behalf of the wrongful death beneficiaries of Menthy Cunningham, and pursuant to the provisions of *Miss. Code Ann.* §11-1-58 (1972, as amended), do hereby certify the following:

I have reviewed the facts of this claim and consulted with an expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to the standard of care or negligence and who I reasonably believe is knowledgeable in the relevant issues involved in this claim. I have concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

SO CERTIFIED, this the _6th_ day of June, 2013.

_____
CHYNEE A. BAILEY, MSB#99513



EXHIBIT 1

Admission Agreement

Aurora Australis Lodge and ___Katrina Little___ hereby agree to the
                              Name of Responsible Party
following financial terms and arrangements provided for the medical nursing and
personal care of ___Mendy Cunningham___ 
                  Name of Patient

### Facility Agreement

1. To furnish room, board, laundered linens, and bedding, nursing care, and such personal services as may be required for the health, safety, good grooming, and well-being of the patient, however, the Facility is in no sense an insurer of his/her safety or welfare and assumes no liability as such.
2. To obtain the services of a licensed physician had not been designated or is not available, as well as such medications as the physician may order.
3. To arrange for transfer of the patient to the hospital when this is ordered by the attending physician and immediately to notify the responsible party of such transfer.
4. To make refunds in accordance with established policy of the facility.

### Agreement of Patient or Responsible Party

1. To provide such personal clothing and effects as needed or desired by the patient.
2. To provide such spending money as needed or desired by the patient.
3. To be responsible for hospital charges if hospitalization of the resident becomes necessary.
4. To be responsible for physician fees, medications, and other treatments or aids ordered by physician.
5. To pay basic rate agreed upon with facility at specified intervals.
6. To pay all cost expenses and reasonable attorney's fees whether suit be brought, in the event same must be expanded in the collections of and and all sums due and owing by the patient and responsible party to the Facility.

### Financial Agreement

The patient or responsible party agrees to pay ___ weekly ___ monthly, and the facility will accept this agreement in full consideration for care and services rendered as follows:

1. Room, board, laundered linens and bedding, nursing care and personal services: $ __185.00__

2. Allowance for spending money:                                                   $ _____

3. Other (Itemize):                                                                $ _____

4. The financial cost agreement with the patient, public assistance department, or responsible party if patient receive public aid is as follows:

                                                                                   $ _____

                                                           Total Cost:             $ _____

5. ___ The services for any bill rendered by the physician will be charged to the patient.
   ___ The services of the physician will be billed by him directly to the patient or responsible party.
6. ___ Special medications as ordered by the physician from the pharmacist will be charged to the patient.
   ___ Special medications as ordered by the physician will be billed by the pharmacist directly to the patient or responsible party.

### Duration of Agreement

Either party may terminate this agreement 15 days written notice. Otherwise, it will remain in effect until a different agreement is executed. However, this does not mean that the patient will be forced to remain in the facility against his will for any length of time.

___Tacari Johnson___                    _____              ___Katrin Little___
Signature of facility Representative     Date               Signature of Patient or Responsible Party